**JUDGE KATHLEEN CARDONE**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2006 AUG 10 AM 10: 52
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

| | | |
|---|---|---|
| LISA A. ELIZONDO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No: _____ |
| | § | |
| THE CITY OF EL PASO, TEXAS, | § | **EP06CA0275** |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW Plaintiff Lisa A. Elizondo and files this her Plaintiff's Original Complaint over and against Defendant The City of El Paso, Texas. This is a level two lawsuit.

### I
### PARTIES

1. Plaintiff Lisa A. Elizondo is a resident of El Paso, El Paso County, Texas.

2. Defendant The City of El Paso, Texas is a City in El Paso County, Texas. It may be served with process by serving its Mayor John Cook at 2 Civic Center, El Paso, Texas 79902.

### II
### JURISDICTION AND VENUE

3. The Court has federal-question jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title VII of the Civil Rights Act of 1964 as amended. Venue is proper in the Western District of Texas, El Paso Division, because all of the conduct in question occurred in El Paso, El Paso County, Texas.

\Petition\Elizondo.OrgCompl

## III
## STATEMENT OF FACTS

4. Lisa A. Elizondo was the City Attorney for The City of El Paso, Texas. She is a Mexican-American female. John Cook served on the City Council before his election as Mayor in 2005. In his last months on the Council, John Cook would repeatedly place invalid and unreasonable items on the Council's agenda for the purpose of attempting to publicly embarrass Ms. Elizondo.

5. As he campaigned for the Mayor's office, Mr. Cook let it be known that he intended to replace Ms. Elizondo as City Attorney. Ms. Elizondo met with John Cook on several occasions to discuss his reasons for wanting to terminate her. He told her that "he did not want to work that closely with Mexican female" and that "as the Mother of small children" Ms. Elizondo "should be at home with them and not working". Ms. Elizondo advised the Mayor she would file with the EEOC.

6. Once elected as Mayor, John Cook immediately began his efforts to get rid of Lisa A. Elizondo as City Attorney. She was offered severance pay if she would resign, but she did not resign. As the "cat's paw" in this matter, Mayor Cook placed Lisa A. Elizondo's termination on the City Council agenda for June 21, 2005. During that meeting the fact of her being an Hispanic female was discussed publicly. At Mayor Cook's insistence, she was terminated. Her termination was motivated by her status as a Mexican-American female.

7. It is reasonably believed that Councilman Cook, now Mayor Cook, had previously made other derogatory comments to other persons about Ms. Elizondo being female and/or Mexican-American.

8. Mayor Cook and The City of El Paso, Texas replaced Lisa A. Elizondo as City Attorney with an Anglo male.

\Petition\Elizondo.OrgCompl

9. Lisa A. Elizondo timely filed a Charge of Discrimination with both the Equal Employment Opportunity Commission and the Texas Workforce Commission, Civil Rights Division. She has received a Notice of her Right to file this suit and this suit is timely filed. All necessary notices have been given and all conditions precedent to the filing of this suit have been satisfied.

10. Mayor Cook has continued to retaliate against Lisa Elizondo. When questioned about her EEOC claim by Newspaper Tree, Mayor Cook further attacked her by publicly stating, "I hope she has a good lawyer, anything is better than her".

11. Ms. Elizondo has retained the undersigned counsel to represent her and has agreed to pay reasonable and necessary attorneys fees.

## IV
## CAUSES OF ACTION

12. Defendant The City of El Paso, Texas wrongfully discharged Lisa A. Elizondo on or about on June 21, 2005. Defendant's discharge was motivated by Lisa A. Elizondo's gender, female, and/or by her national origin, Mexican-American. The discharge and Mayor Cook's retaliatory conduct violates 42 U.S.C.§2000e-2 and 3 (Title VII of the Civil Rights Act of 1964, as amended) and Texas Labor Code 21.051. Lisa A. Elizondo is entitled by statute to recover back pay and front pay from Defendant together with compensatory damages for her emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life. Ms. Elizondo is also entitled to recover from Defendant all costs of court including reasonable attorneys fees calculated using the lodestar method. To the extent allowed by Law, exemplary damages should be assessed against Defendant because its actions were willful or malicious.

# V
# JURY DEMAND

12. Plaintiff respectfully demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lisa A. Elizondo respectfully prays that Defendant The City of El Paso, Texas be cited to appear and that, following a jury trial, she recover a judgment over and against Defendant for back pay, front pay, compensatory damages, costs of court, reasonable attorneys fees, exemplary damages, interest as allowed by law and such other and further relief to which she may show herself to be justly entitled.

Respectfully submitted,

**J. ROBERTO OAXACA**
**Oaxaca, Bernal & Associates**
1515 Montana Avenue
El Paso, Texas 79902
Tel. (915) 544-0406
Fax (915) 544-7349
State Bar No. 15161200

**STEVEN C. JAMES**
Attorney at Law
521 Texas Avenue
El Paso, Texas 79901
Tel. (915) 543-3234
Fax (915) 543-3237

By: *[signature]*
Steven C. James
State Bar No. 10551500

Attorneys for Plaintiff

\Petition\Elizondo.OrgCompl